# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DAVID WARREN HUFFMAN,**

    **Plaintiff,**

    v.                                   Case No. 2:21-cv-3611
                                            District Judge Edmund A. Sargus, Jr.

**DONALD MORGAN,**                Magistrate Judge Elizabeth A. Preston Deavers

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff David Warren Huffman, a state inmate at the Ross Correctional Institution ("RCI"), brings this prisoner civil rights action under 42 U.S.C. § 1983 against Defendant Donald Morgan[1], RCI Warden, in his official capacity only. (Complaint, ECF No. 1-1.) Plaintiff, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis* on June 16, 2021. (Order, ECF No. 2.) This matter is before the Court for an initial screen of Plaintiff's Complaint as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915A, to identify cognizable claims and to recommend dismissal of any portion of Plaintiff's Complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims for compensatory damages against the Warden, but **GRANT** Plaintiff leave to file an amended complaint within twenty-eight days of any Court order adopting this Report and Recommendation.

---

[1] Erroneously listed on the Court's docket as "Ronald Morgan." The Clerk of Courts is **DIRECTED** to modify the docket to reflect the proper party name.

## I. Legal Standards

"District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent[.]" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *superseded on other grounds by amendment to* 28 U.S.C. § 1915. In so doing, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), *superseded on other grounds by amendment to* 28 U.S.C. § 1915). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> ***
>
> >  (B) the action or appeal—
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that one of the above applies.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rules of Civil Procedure 8(a). *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complains." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards

than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. Analysis

Plaintiff, a Jewish inmate, alleges that he requested kosher meals to practice his faith. The Chaplain at RCI informed Plaintiff that the process usually takes "a few month[s]" to complete. However, despite "several months" having passed and Plaintiff having completed many written kites and JPay messages to the Chaplain, his request has not been accommodated, in violation of an otherwise unspecified "Rule Code 72-REG-07 – purity law for food consumed by a[] practicing Jew." (Complaint, ECF No. 1-1, at PageID 33, 34.) Plaintiff claims that the undue delay violated his right to Free Exercise of religion under the First Amendment and Equal Protection under the Fourteenth Amendment, and also, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. *Id.*, at PageID 32, 34. Plaintiff was aware of RCI's grievance procedure but did not file a formal notice of grievance. *Id.*, at PageID 35-36. In a letter to the Court, Plaintiff states that the JPay system was broken and that he was "not able to correspond with the Institution Inspectors." (Letter, ECF No. 3, at PageID 47.)

Although Plaintiff's Complaint suggests that the proper relief is injunctive in nature—provision of kosher meals—he seeks only compensatory damages in the amount of $300,000. (Complaint, ECF No. 1-1, at PageID 34.) Section 1983 does not permit Plaintiff to bring his claim for money damages against Defendant in his official capacity. *Will v. Michigan Dep't of*

4

*State Police*, 491 U.S. 58, 71 (1989). It is therefore **RECOMMENDED** that Plaintiff's claims for compensatory damages against Defendant be **DISMISSED**. Nevertheless, it is further **RECOMMENDED** that Plaintiff should be given an opportunity to amend his Complaint to seek the proper remedy in the form of injunctive relief for the provision of kosher meals.

In addition, while Plaintiff names the Warden as the sole Defendant, there is no indication from the Complaint that the Warden is involved in the processing of kosher meal requests. Indeed, to the extent that Plaintiff attempted to grieve the delay, the only RCI official he involved was the Chaplain. (Complaint, ECF No. 1-1, at PageID 33-34.) The Warden, however, must have been personally involved to state a claim under Section 1983 and not merely acting as a supervisor. Here, Plaintiff has not pleaded any facts related to the Warden's involvement. Because there is no *respondeat superior* liability under 42 U.S.C. § 1983, *see, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989), Plaintiff's Complaint is unavailing for this reason, as well. It is therefore **RECOMMENDED** that the Plaintiff's Complaint be **DISMISSED** as to Warden Morgan. Again, however, it is further **RECOMMENDED** that Plaintiff be granted leave to amended his complaint to rectify this deficiency. In his Amended Complaint, Plaintiff should name as Defendant the Chaplain and/or any individual actually responsible and personally responsible for the alleged delay in processing the kosher meal request. *See Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury."). If Plaintiff contends the Warden was personally responsible, he Plaintiff should set forth facts in his Amended Complaint that would permit the Court to make that inference plausibly.

### III. Conclusion

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Warden for compensatory damages but **GRANT** Plaintiff leave to file, within twenty-eight days of any Court Order adopting this Report and Recommendation, an amended complaint naming the proper Defendants and seeking the proper relief against those Defendants.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that a party's "failure to object to the magistrate judge's recommendations constituted a waiver of his ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

      **IT IS SO ORDERED.**


                                                 *s/ Elizabeth A. Preston Deavers*
**DATED: June 30, 2021**                **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**