IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID WARREN HUFFMAN,

    **Plaintiff,**

vs.

    Case No. 2:21-cv-3611
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

CHAPLAIN PAIRAN,

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, David Warren Huffman, a state inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Chaplain Pairan, an employee of Ross Correctional Institution ("RCI").  Plaintiff seeks compensatory damages and injunctive relief for the provision of kosher meals.  (*See* ECF Nos. 8, 10, 13.)  Plaintiff was incarcerated at RCI when he commenced this action.  (*See* ECF No. 1.)  He was subsequently transferred to Southern Ohio Correctional Facility ("SOCF").  (*See* ECF No. 13.)  As explained below, Plaintiff's intervening transfer rendered his claims for injunctive relief moot.  Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims for injunctive relief **WITHOUT PREJUDICE AS MOOT**.

**I.**

Plaintiff, a Jewish inmate, alleges that he requested kosher meals to practice his faith. (ECF No. 8 at PAGEID # 111.)  Defendant Pairan, the Chaplain at RCI, informed Plaintiff that the process usually takes "a few month[s]" to complete.  However, despite "several months" having passed and Plaintiff having completed many written kites and JPay messages to Defendant Pairan, his request has not been accommodated, in violation of an otherwise

unspecified "Rule Code 72-REG-07 – purity law for food consumed by a[] practicing Jew." (*Id.*) Plaintiff seeks $300,000 in compensatory damages, and has confirmed that he also intends to pursue injunctive relief for the provision of kosher meals. (ECF No. 13.)

## II.

The Court properly raises the jurisdictional issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . ." (internal quotations marks and citations omitted)); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Article III's case-or-controversy requirement subsists throughout all stages of the litigation. *U.S. v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed."). The doctrine of mootness is a corollary of Article III's case-or-controversy requirement. "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore *et al, Moore's Federal Practice* § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and

2

injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) (Sotomayor, J., dissenting) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931. This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

### III.

Applying the foregoing principles to the instant case, the Undersigned concludes that Plaintiff's claims for injunctive relief are moot. Plaintiff claim that, while he was at RCI, the

3

Chaplain of RCI prevented him from having kosher meals to practice his faith. (ECF No. 8 at PAGEID # 111.) Plaintiff recently confirmed, however, that he is "no longer at [RCI]." (ECF No. 13 at PAGEID # 135.) Thus, the Court's entry of equitable relief in Plaintiff's favor would have no effect on Defendant Pairan's behavior toward him because Defendant Pairan performs all duties at RCI, where Plaintiff is not incarcerated. Put another way, an entry of equitable relief would accomplish nothing. This Court does not have jurisdiction to accord Plaintiff with prospective relief that has no effect or impact on Defendant Pairan. In addition, because Plaintiff's claims for injunctive relief are RCI-specific and because there is no reasonable expectation that Plaintiff will be transferred back to RCI or that he will be subjected to the same action again at SOCF, the capable-of-repetition exception to the mootness doctrine does not apply. It is therefore **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's claims for injunctive relief.

## IV.

In sum, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's claims for injunctive relief.

The Clerk is **DIRECTED** to mail a copy of this Order to the Attorney General of Ohio, Criminal Justice Section, Corrections Unit, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**DATE: August 31, 2021**                  　　／s/　*Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**